**In re TULSA ASSOCIATES, Debtor.**

**Bankruptcy No. 88–00028.**
**Motion No. 88–3255–M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 28, 1988.

Stanley G. Makoroff, Trustee, Lampl, Sable, Makoroff & Libenson, Pittsburgh, Pa.

Gary P. Nelson, Kevin P. McKeown, Buchanan Ingersoll, P.C., Pittsburgh, Pa., for Fidelity Union Life Ins. Co.

·Kenneth M. Steinberg, Steidl & Steinberg, Pittsburgh, Pa., for debtor.

## MEMORANDUM OPINION AND ORDER

JUDITH K. FITZGERALD,
Bankruptcy Judge.

The matter before the court is a Motion for Relief from Stay filed on behalf of Fidelity Union Life Insurance Company (Fidelity).

On December 3, 1981, Debtor's predecessor executed and delivered to Fidelity a promissory note in the amount of $2.4 million plus interest. The indebtedness payable under the terms of the note was secured by a mortgage on real estate and an office building in Tulsa, Oklahoma, in favor of First National Bank and Trust Company of Tulsa (First National Bank). On December 3, 1981, the mortgage was assigned by First National Bank to Fidelity. On October 31, 1983, Fidelity consented to the transfer of the real property to Tulsa Associates, Debtor herein. To further secure the note, Debtor executed and delivered to Fidelity an assignment of leases and rents which was recorded in the appropriate offices in Oklahoma. In early 1987, Debtor defaulted on the note, and Fidelity brought a judicial foreclosure action in a state court in Tulsa, Oklahoma.

On June 12, 1987, the Oklahoma court appointed a Receiver for the property and authorized the Receiver to collect all rents and other income generated by the property. On November 19, 1987, Fidelity obtained a judgment in foreclosure in its favor in the amount of nearly $3 million plus various interest and accrued charges. The order awarding the judgment also provided that the property was to be appraised, advertised and sold at a sheriff's sale in accordance with Oklahoma law.

On January 6, 1988, Debtor filed the within voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Fidelity did not receive notice of the bankruptcy until January 8, 1988, and on January 7, 1988, the property was sold to Fidelity for $2,200,000.00, which was credited against the judgment. That sale was voided later due to the fact that it was conducted in violation of the automatic stay. On April 7, 1988, an order was entered confirming the sale conducted through the bankruptcy court to Fidelity for $2.4 million. On May 18, the Trustee delivered the deed to the property and Fidelity thereafter recorded it in Oklahoma. At the hearing on the Motion for Relief from Stay the parties stipulated that the funds in the hands of the Receiver are insufficient to pay the entire deficiency owed to Fidelity. The parties also stipulated that all rents which the Receiver collected after the property was sold by the bankruptcy court were properly credited to Fidelity.

The Trustee contends that the prepetition and postpetition funds collected by the Oklahoma Receiver prior to the bankruptcy court sale are property of the estate. Fidelity seeks relief from stay contending that the funds belong to the mortgagee as the perfected prepetition secured creditor.

Since 1986, Oklahoma law has provided that in non-consumer mortgage transactions, a mortgagor may mortgage and as-

sign "rents and profits from the mortgaged property as additional security for the debt secured by the mortgage...." 46 Okla. Stat. § 4 (as amended 1986). Although the section does not determine the priority of claims to rents, this court finds that Fidelity is entitled in this case. There have been no appellate cases brought to the court's attention which have construed the relevant amended statutes. The only recent case decided since those amendments is that of *Virginia Beach Federal Savings & Loan Assoc. v. Wood*, Nos. 87-C-364-E, 87-C-514-E (consolidated) (N.D.Okla., February 16, 1988). Although in *Virginia Beach* a Receiver had not been appointed prepetition, the district court held that the postpetition filing by the mortgagee of a Title 11 U.S.C. § 546(b) notice of interest in property had the effect of a prepetition appointment of a Receiver by the state court. The district court determined that because appointment of a Receiver perfects the lien on rents created by the assignment, the mortgagee was entitled to the rents because it would have been so entitled if a Receiver had been appointed prepetition.

In the case at hand, the Trustee would be entitled to rents only if the rents collected exceeded the debt secured by the mortgage. 46 Okla.Stat. § 4. By stipulation, the parties agreed that there is no such excess. Even as a hypothetical lien creditor under § 544 of the Bankruptcy Code, the Trustee cannot defeat the rights of the secured creditor whose interest was properly perfected under state law. 11 U.S.C. § 552(b). Therefore, to require the Oklahoma Receiver to turn over money collected prepetition to the bankruptcy Trustee would simply add to the expenses of administration and diminish what the mortgagee otherwise is entitled to under Oklahoma law.

An appropriate Order will be issued.

### ORDER

And now, to-wit, this 28th day of November, 1988, for the reasons expressed in the Memorandum Opinion of this date, it is ORDERED that the Motion for Relief from Stay and Other Relief filed on behalf of Fidelity Union Life Insurance Company is GRANTED.

It is FURTHER ORDERED that the automatic stay is hereby terminated to enable Fidelity to pursue its claim to the receivership funds, including but not limited to filing a motion for a deficiency judgment, and to enable the Receiver to file a Final Account, distribute the receivership funds in accordance with an Order of the Oklahoma court, and to apply for and receive a discharge of the receivership bond.